IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**BERTHA SANDOVAL and**
**FRED SANDOVAL,**

    **Plaintiffs,**

v.                                                                                       No. 18-cv-0462 KBM/SMV

**HOLIDAY RETIREMENT,**
**HOLIDAY RETIREMENT, CORP.,**
**HOLIDAY AL MEZZANINE I LLC,**
**BEAR CANYON ESTATES,**
**VH BEAR CANYON LLC,**
**VENTAS BEAR CANYON LLC,**
**VENTAS REALTY, LIMITED PARTNERSHIP,**
**VERITAS REALTY, LIMITED PARTNER,**
**VENTAS WESTERN HOLDINGS, LLC,**
**VENTAS INC.,**
**ALTUS GROUP US INC.,**
**HARVEST FACILITY HOLDINGS II GP LLC,**
**HARVEST MANAGEMENT SUB TRS CORP.,**
**HARVEST FACILITY HOLDING II LIMITED PARTNERSHIP,**
**HARVEST FACILITY HOLDING LP, and**
**HARVEST MANAGEMENT SUB LLC,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court sua sponte, following its review of the Notice of Removal [Doc. 1], filed by Defendants Holiday Retirement, Bear Canyon Estates,[1] Harvest Facility Holding II Limited Partnership, Harvest Facility Holding LP, Harvest Facility Holdings II GP LLC, Harvest Management Sub LLC (d/b/a Holiday Retirement), Harvest Management Sub TRS Corp., Holiday AL Mezzanine I LLC, and VH Bear Canyon LLC ("removing

---

[1] The removing Defendants indicate that neither Holiday Retirement nor Bear Canyon Estates is a legal entity. [Doc. 1] at 1 n.1.

Defendants") on May 16, 2018.  The Court has a duty to determine whether subject matter jurisdiction exists sua sponte.  *See Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988).  The Court, having considered the Notice of Removal, the applicable law, and being otherwise fully advised in the premises, concludes that the Notice fails to allege the necessary facts of citizenship in order to sustain diversity jurisdiction.  Specifically, the allegations of Plaintiffs' residence are inadequate to establish their citizenship.  Similarly, the lone conclusory allegation that "Defendants are all out of state corporations" in inadequate.  [Doc. 1] at 5.  Any Defendant corporation must plead both its state of incorporation and its principal place of business to establish its citizenship.  Moreover, any Defendant partnership, limited partnership, or limited liability company must plead the citizenship of each and every one of its members and/or partners.  The Court will order the removing Defendants to file an amended notice of removal no later than **June 18, 2018**, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

## BACKGROUND

On May 16, 2018, the removing Defendants filed their Notice of Removal under 28 U.S.C. § 1332.  [Doc. 1] at 3–6.  The Notice asserts that there is complete diversity between Plaintiffs and Defendants and that the amount in controversy exceeds $75,000.  *Id*.  In support of their claim of diversity of citizenship, the removing Defendants assert that Plaintiffs "reside in Bernalillo County, New Mexico[, and t]herefore are citizens of the State of New Mexico for diversity purposes."  *Id.* at 2 (citing Complaint [Doc. 1-1] at 1, ¶ 1) (internal citation omitted).  The removing Defendants also assert that "Defendant are all out of state corporations[ and,

therefore,] not citizens of the State of New Mexico for diversity purposes." [Doc. 1] at 5 (internal quotation marks omitted).

## LEGAL STANDARD

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights. *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957). Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal. *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

## DISCUSSION

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. § 1332(a). When a plaintiff files a civil action in state court over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought. *See* 28 U.S.C. § 1441(a), (b). Jurisdiction under § 1332 requires diversity of *citizenship*.

The party asserting jurisdiction must plead citizenship distinctly and affirmatively; allegations of residence are not enough. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Domicile, the equivalent of state citizenship, requires more

3

than mere residence; domicile exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

Determining the citizenship of a partnership, limited partnership, or limited liability company is different from determining the citizenship of a corporation under § 1332. A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See* § 1332(c). Partnerships, limited partnerships, and limited liability companies, however, are citizens of each and every state in which any partner or member is a citizen. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) (the citizenship of business entities is determined by the citizenship of its members); *Penteco Corp. Ltd. P'ship-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1522–23 (10th Cir. 1991) (remanding for district court to determine the citizenship of all of the members of the plaintiff limited partnership); *Siloam Springs Hotel*, 781 F.3d at 1234 (remanding to district court to determine the citizenship of all the members of the plaintiff limited liability company).

Here, the facts set forth in the Notice of Removal do not sufficiently establish the citizenship of Plaintiffs or Defendants. First, the Notice refers to Plaintiffs' residence, which alone is not sufficient to establish their citizenship for purposes of diversity jurisdiction. Additionally, the removing Defendants fail to allege the principal place of business or the state of incorporation, both of which must be alleged to establish the citizenship of any Defendant corporation. As to any Defendant partnership, limited partnership, or limited liability company, the removing Defendants have failed to allege the citizenship of each and every member or partner.

Accordingly, the Court will give the removing Defendants the opportunity to file an amended notice of removal to properly allege the citizenship of each and every party at the time the notice was filed. *See Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300–02 (10th Cir. 1968) (permitting amendment of notice of removal to allege principal place of business of the defendant, along with citizenship, rather than mere residence, of the plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *see also* 28 U.S.C. § 1653 (Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.).

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the removing Defendants amend their Notice of Removal to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **June 18, 2018**.

**IT IS FURTHER ORDERED** that if such an amended notice is not filed by **June 18, 2018**, the Court may dismiss this action without prejudice.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**